EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SARATOGA

-------------------------------------------------------------x

 LOUISIANA MANAGEMENT, CO., LLC, and
ANTHONY B. LOTRUGLIO

Plaintiff/Petitioner,

- against -    Index No.
CITY OF SARATOGA SPRINGS

Defendant/Respondent.

-------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _July 24, 2024_

DAVID H. PENTKOWSKI
Name
PENTKOWSKI & PASTORE

Firm Name

PO BOX 445
Address

CLIFTON PARK, NY 12065

(518) 383-5300
Phone

DHP@PPFLAW.COM
E-Mail

To:   City of Saratoga Springs

      474 Broadway, 1st Floor

      Saratoga Springs, NY 12866

6/6/18

STATE OF NEW YORK
SUPREME COURT                                      SARATOGA COUNTY

LOUISIANA MANAGEMENT CO., LLC, and
ANTHONY B. LOTRUGLIO                              **SUMMONS**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                                Index No.: _____

                        PLAINTIFF,

        Against

CITY OF SARATOGA SPRINGS, NEW YORK

                        DEFENDANT.

TO THE ABOVE NAMED DEFENDANTS:

    ***YOU ARE HEREBY SUMMONED*** and required to serve upon Plaintiffs' attorney an
answer to the complaint in this action within twenty days after the service of the summons,
exclusive of the day of service, or within thirty days after service is complete if this summons is
not personally delivered to you within the State of New York. In case of your failure to answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: _July 24_ , 2024


                                        PENTKOWSKI & PASTORE

                                        By: _____
                                                David H. Pentkowski, Esq.
                                        *Attorney for Plaintiff*
                                        P.O. Box 445
                                        Clifton Park, New York 12065
                                        (518) 383-5300
                                        dhp@ppflaw.com

STATE OF NEW YORK
SUPREME COURT                                                    SARATOGA COUNTY

LOUISIANA MANAGEMENT CO., LLC, and
ANTHONY B. LOTRUGLIO                                   **COMPLAINT**

██████████  █████████████              Index No.: _____

                    PLAINTIFF,

    Against

CITY OF SARATOGA SPRINGS, NEW YORK

                    DEFENDANT.

        Plaintiffs, as and for a complaint against the above named defendant, through their

attorneys, Pentkowski & Pastore, allege:

1. At all times hereinafter mentioned, Plaintiff, Louisiana Management Co., LLC, is and was

    a New York Company organized and existing under and by virtue of the laws of the State

    of New York with a principal place of business in Saratoga Springs, New York.

2. At all times hereinafter mentioned, Plaintiff, Anthony B. Lotruglio, is and was a resident

    of the City of Saratoga Springs, New York and a managing member and owner of the

    Plaintiff, Louisiana Management Co., LLC.

3. At all times hereinafter mention, Louisiana Management Co. LLC, was the titled owner of

    property at 182 Excelsior Avenue in the City of Saratoga Springs, NY (hereinafter referred

    to as "the property") which ownership began on or about June 2, 2004.

4. As of June 16, 2022, the property was of the agreed and reasonable value of $1,600,000.00.

5. As of June 16, 2022, there were no infringements on the property rights of the Plaintiffs

    that would reduce or impair the property value.

6. As of June 16, 2022, the property was not located in a historic district and was not designated as a local landmark.

7. From June 2, 2004 to June 16, 2022, no action was taken to have the property designated a City landmark and no action was taken to rezone the property.

8. As of June 16, 2022, the zoning of the property allowed for the removal of the existing structures.

9. As of June 16, 2022, the Plaintiffs' enjoyed the property rights associated with this parcel including the right to remove any existing structure.

## AS AND FOR A FIRST CAUSE OF ACTION

10. On or about January 11, 2023, the Defendant engaged upon a course of conduct, together with others, to deprive the Plaintiffs of their vested property rights.

11. On or about January 11, 2023, the Defendant accepted the application of a third party, non-owner, in an effort to rezone the Plaintiffs' property and to deny the Plaintiffs their property rights.

12. Upon information and belief, the Defendant, its agent, servants and employees, worked in concert with third parties to rezone the Plaintiffs' property, impair the Plaintiffs rights and, in doing so, reduce the value of the Plaintiffs' property.

13. By accepting the application, and assisting in its completion and filing, the Defendant, its agents, servants and employees, engaged in an official act.

14. Upon information and belief, these actions resulted from a formal government policy or custom adopted by the Defendant.

15. The agents of the Defendant knew, or should have known, that the application was flawed, contained false statements, and set in motion, if accepted, challenges to the Plaintiffs' rights.

16. The Defendant's agents knew, or should have known, if properly trained, that the application would significantly delay the development of the Plaintiffs' property and reduce its value.

17. As a result of the actions of the Defendant, the value of the Plaintiffs' property was significantly reduced.

18. As a result of the Defendant's actions, the Plaintiffs' sustained lost revenue in the form of lost rent.

19. As a result of the Defendant's actions, the Plaintiffs' sustained a diminution of property value in an amount of $250,000.00.

20. As a result of the Defendant's actions, the Plaintiffs sustained a loss of rental income.

### AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realledges each and every allegation contained in paragraph 1 -20 as it fully supports herein.

22. The Defendant attempted to SPOT zone the Plaintiffs' property.

23. The attempt to rezone Plaintiffs' property was intended to deprive Plaintiffs of a property right without compensation.

24. The Plaintiffs were treated in a manner unlike all other property owners.

25. The discrimination and unequal application of the law to the Plaintiffs has resulted in damages.

### AS AND FOR A THIRD CAUSE OF ACTION

26. Plaintiffs repeat and realledges each and every allegation contained in paragraph 1-25 as it fully supports herein.

27. The Defendant, its agents, and employees, working in concert with others, used the threat of unilaterally reclassifying and rezoning the Plaintiffs' property to extract concessions from the Plaintiffs.

28. Defendant placed the Plaintiffs in a position wherein concessions were required in order to mitigate damages.

29. Had Plaintiffs refused to make concessions, the damages resulting from the actions of the Defendant would have significantly increased those damages.

30. The concessions conceded by the Plaintiffs were the direct result of Defendant's attempt to deprive the Plaintiffs of their property rights without just compensation.

### AS AND FOR A FORTH CAUSE OF ACTION

31. Plaintiffs repeat and realledges each and every allegation contained in paragraph 1-30 as it fully supports herein.

32. The deliberate attempt by the Defendant to deprive the Plaintiffs of a constitutional right guaranteed under the Fifth Amendment of the US Constitution is a violation of Section 42 U.S.C 1983.

33. The formal policy adopted by the Defendant, and as applied by the Municipal Officials, agents and employees, was applied in a manner intended to, and did in fact, deprive the Plaintiffs of a property right guaranteed by the Fifth Amendment of the US Constitution.

34. The actions of the Defendant sought to take the property of the Plaintiff without just compensation.

35. More than ninety days have passed since the service of a Notice of Claim upon the defendant.

36. The Defendant made no effort to pay just compensation for the property rights which the Defendant sought to obtain.

WHEREFORE, Plaintiff demands judgment against the defendant, for compensatory damages, for the loss of value to the property, the loss of rental income, and punitive damages, together with attorney's fees pursuant to 42 U.S.C 1983 with interest costs and disbursements and such other and further and different relief this court may deem just and proper.

Dated: _____, 2024

PENTKOWSKI & PASTORE

By: _____
David H. Pentkowski, Esq.
*Attorney for Plaintiffs*
P.O. Box 445
Clifton Park, New York 12065
(518) 383-5300
dhp@ppflaw.com

# AFFIDAVIT OF SERVICE

EF20242360

State of New York     )
County of _SARATOGA_     )

The undersigned being duly sworn, deposes and says:

DAVID H. PENTKOWSKI _____ is not a party to the action, is over
<small>(name of person serving papers)</small>

18 years of age and resides at ████████ ██, CLIFTON PARK, NY 12065

_____
<small>(complete address of person serving papers)</small>

That on JULY 29, 2024 _____, deponent served the within
<small>(date of service)</small>

SUMMONS, COMPLAINT AND NOTICE OF ELECTRONIC FILING FORM
<small>(name of document[s] served)</small>

upon DAVID HARPER, ESQ. (Saratoga Springs City Attorney) _____ located at
<small>(name of person/corporation served)</small>

474 Broadway, Saratoga Springs, New York 12866
<small>(complete address where other party/corporation served)</small>

(Select method of service)

__X__ Personal Service: by delivering a true copy of the aforesaid documents personally;
deponent knew said person/corporation so served to be the person/corporation described.

_____ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid
properly addressed envelope m a post office or official depository under the exclusive care
and custody of the United States Postal Service.

Signature of person serving papers

DAVID H. PENTKOWSKI
Printed Name

Sworn to before me this 30TH _____

day of JULY , 2024 _____

Notary Public

JOHN P. PASTORE
Notary Public, State of New York
Reg. No. 01PA3029790
Qualified in Schenectady County
Commission Expires 06/30/2027

1 of 1